Russell Allen WALDON and Wife, Angelia Waldon, Appellants,

v.

The CITY OF LONGVIEW and Rory Ben Cuellar, Appellees.

No. 12–91–00172–CV.

Court of Appeals of Texas, Tyler.

June 7, 1993.

Clay Wilder, Henderson, for appellants.

Gregory Grajczyk, Longview, for appellees.

BILL BASS, Justice.

This negligence case arose out of an auto accident between the Appellants and Rory Ben Cuellar, an on-duty Longview Police Officer. The trial court rendered judgment for the City on the jury's verdict finding Waldon 65% negligent and the City of Longview 35% at fault.

Officer Cuellar was proceeding East on East Avalon Street in response to a burglary alarm. He overtook the Waldon automobile which was proceeding slowly East on East Avalon. The Waldons had mistakenly turned onto East Avalon a few moments before, and according to Officer Cuellar, seemed to be looking to the right as if trying to read a house address. Cuellar began to pass on the left of the Waldon car just as the Waldons attempted a left turn into a driveway. The collision resulted. Officer Cuellar testified that the Waldons did not signal before turning. There was other testimony that the left turn indicator was blinking just before the collision.

The Waldons sued Officer Cuellar for negligence, and the City of Longview as vicariously liable for Cuellar's negligence under TEXAS CIVIL REMEDIES & PRACTICE CODE 101.001 *et seq.*, TEXAS TORT CLAIMS ACT. The Waldons brought suit against the City upon a theory of negligent en-

trustment. The trial court sustained the Appellees special exception to the negligent entrustment cause, denying Appellants the right to proceed on that theory.

The City of Longview alleged the greater comparative fault of the Waldons. The jury returned a verdict finding Waldon 65% at fault and Longview 35% at fault.

In their first point of error, the Waldons urge "the trial court erred in submitting negligence per se instructions in the court's charge as it was not supported by the pleadings and proof in the case."

Over the Waldons' objection, the trial court submitted the following instruction to the jury:

[O]ur law provides that no person shall turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.

You are further instructed that a signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.

Appellants contend that the court's instruction was, "in essence," a negligence per se instruction. Appellee answered only that "the plaintiffs' injuries and other damages were caused by their acts and/or omissions and [defendants] request that they be judged comparatively by the trier of fact." The Appellants contend that Longview could not rely upon the defense of negligence per se, because it had failed to expressly plead a statutory violation reasonably identifying the statute relied upon. Therefore, Appellants argue, there was an impermissible variance between the pleadings, proof, and the court's charge.

Longview counters that the instruction is not a negligence per se instruction, but merely a paraphrase of TEXAS REVISED CIVIL STATUTE 6701d, Section 68, correctly instructing the jury on the driver's duty. The instruction does not instruct the jury that failure to comply is negligence as a matter of law. Nor does it indicate the court's opinion of whether the Appellant did or did not signal.

■■■■ An integral part of a negligence per se instruction is an affirmative statement that failure to comply with a particular statute is negligence as a matter of law. *Southern Pacific Company v. Castro,* 493 S.W.2d 491, 497 (Tex.1973). The central disputed fact in the case was whether Appellants signaled before turning. Evidence on either side of the question was admitted without objection. The court did not abuse its considerable discretion in submitting the challenged instruction. Appellants' first point is overruled.

In points of error two and three, Appellants maintain that the trial court reversibly erred in admitting into evidence, over Appellants' objection, Appellee's Exhibit Numbers One and Two. Appellee's exhibit number one is the handwritten, and signed, statement of Appellant Russell Waldon describing the accident for the police shortly after the accident occurred. The statement does not mention that he had used his turn indicator before turning. At trial, Waldon testified unequivocally that he had signaled the turn.

On cross-examination, Waldon acknowledged that he made the statement the day of the accident and that it contained no mention of his use of the turn indicator. Appellee then offered the statement into evidence. Appellants challenged its admission, insisting that it was not a prior inconsistent statement as Appellee argued. In the Appellant's view, the failure to mention his use of the turn indicator was not inconsistent with his later version of the event, which underscored his use of the turn indicator. The trial court admitted it as the admission of a party.

Appellant maintains that Waldon's statement and his position at trial are not inconsistent, and that a contradiction between the two is required if the prior statement is to be admissible as the admission of a party.

Appellees contend that Rule 801(e)(2) of the TEXAS RULES OF EVIDENCE does not contain an inconsistency requirement. This omission is more meaningful when considered in conjunction with 801(e)(1)(A) (Prior statement by witness), which specifically requires that to be admissible, the prior statement be inconsistent with the declarant's later testimony. *See Smith v. Baldwin,* 611 S.W.2d 611, 616 (Tex.1980). Moreover, Appellee argues the omission does constitute an important inconsistency. If it were otherwise, Appellant would have had no motive to object to a statement that merely bolstered his own testimony.

Given the circumstances of this collision, the use of the turn signal is an important fact that a witness might reasonably be expected to relate in describing the accident. If an event is of such salient importance that the declarant would ordinarily have been expected to relate it, the failure of a party to mention the event in a prior statement may constitute an admission that the event did not occur. *Saldana v. Houston General Ins. Co.,* 610 S.W.2d 807, 811 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Moreover, the Rules of Evidence have apparently rejected the inconsistency requirement as a prerequisite to the admissibility of the statements of parties. The trial court did not err in admitting Russell Waldon's prior statement as the admission of a party. Appellants' second point of error is overruled.

Appellants' third point challenges the trial court's admission of Angelia Waldon's prior statement. Her statement also failed to mention the turn indicator's use, although she testified to its use at trial. Appellant contends on appeal that her earlier statement was not inconsistent with her trial testimony. However, Appellants' only objection at trial was that Longview had failed to lay a proper predicate for the statement's introduction into evidence. Such an objection is a general objection and is insufficient to preserve error. Appellants' third point is overruled.

In their fourth, fifth, and sixth points of error, Appellants complain of four instances that they claim constitute misconduct by the trial court. However, Appellants raised no objection during trial to the trial court's action. Appellants' failure to timely object to the trial court's comments or manner of conducting the trial waives any right to complain of these matters on appeal. Nevertheless, we will address them.

By their fourth point, Appellants claim that the following interruption by the trial judge constitutes misconduct:

MR. WILDER: I anticipate that there will be any number of police officers, DPS officers to come to testify against my client. Obviously, we have sued one of them. I figure he'll be here when the trial gets started. I figure he'll be here to tell his story. Might have his uniform on. There's one police officer in the courtroom today. Is there anyone on the first row, and I want you to get—get down and think about this question.

THE COURT: I'll ask counsel to approach the Bench a minute.

(Conversation at the bench.)

MR. WILDER: Is there anyone on the panel who would judge the testimony of a police officer any different than they would a civilian?

The trial court necessarily has broad discretion in the conduct of the trial. *Hill v. Budget Finance & Thrift Co.,* 383 S.W.2d 79, 83 (Tex.Civ.App.—Dallas 1964, no writ.) It is apparent that during voir dire, the judge called counsel to the bench. The conversation at the bench was off the record and outside the panel's hearing. When Appellants' counsel resumed questioning, he took up exactly where he left off with no apparent deviation from his theme. This is not a restriction of voir dire, or a comment by the court on the merits of any issue. The point is meritless. The fourth point is overruled.

In their fifth point, Appellants complain that the judge committed misconduct by asking the Appellants' expert witness to give his background "as expeditiously as possible." This is not misconduct.

In the same point, Appellants charge that the trial court reversibly erred

in again interrupting the same expert witness when he began to testify regarding measurements and speed calculations made by the expert over two years after the accident occurred. The trial judge sent the jury to the jury room, and outside the presence of the jury, discussed the reliability of the testimony with the witness and counsel. The jury was then recalled to the courtroom and allowed to hear the expert's testimony. The trial judge expressed his reservations about the reliability of the testimony outside the presence of the jury. He did not limit the testimony in any way. Appellants' fifth point is overruled.

In their sixth point, Appellants claim "the trial court erred in making an impermissible comment on the weight of the evidence by instructing Appellee's counsel on the proper method of impeachment of Appellants' witness."

■ During cross-examination, Longview's attorney began questioning the Appellants' witness concerning prior statements. In response to the Appellants' objection, the court required Appellee's trial counsel to confront the witness with the statement, pointing out the precise part of the statement in question to allow the witness a fair opportunity to affirm, deny, or explain any apparent inconsistency. The court's actions cannot be construed as an expression of his opinion of the accuracy of the prior statement or of the witness' testimony at trial. When Longview's counsel attempted to introduce the statement into evidence, the court sustained the Appellants' objection. The trial court did not err. Appellants' sixth point is overruled.

■ By the seventh point of error, Appellants contend "the trial court erred in not admitting evidence of Officer Cuellar's past driving record and the Longview Police Department's assessment of that record."

During his six years with the Longview Police Department, Sergeant Cuellar had had three accidents in his patrol car. Appellants sought to introduce a copy of the report containing the conclusions of the Department's internal investigation which contained the following conclusions:

Sgt. Cuellar *routinely* and *continuously* suffers a lapse of safety consciousness and proper attentiveness when operating his patrol unit under low speed, low risk, and seemingly non-hazardous circumstances ... but it remains the personal responsibility of Sgt. Cuellar to consistently maintain a high level of safety consciousness under all circumstances.

(Emphasis in original.)

The trial judge excluded the record of Sgt. Cuellar's three prior accidents and the critical conclusions reached by the officer preparing the report of the departmental investigation. Appellants maintain that the report in question was admissible as evidence of the habit of a person relevant to prove that person's conduct was in conformity with that habit.

TEXAS RULE OF CIVIL EVIDENCE 406 provides as follows:

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Longview contends that habit connotes more than a few prior unrelated incidents of "laxity of judgment." *Magro v. Ragsdale Brothers, Inc.,* 721 S.W.2d 832, 834 (Tex.1986). Therefore, Longview argues no habit is established as contemplated by Rule 406.

Longview also argues that the records were not admissible as business records because it was not shown that the record was made based on personal knowledge of the acts, events, or conditions described. Longview further argues that the record offered contains inadmissible hearsay, conclusions and conjecture, and that the Appellants' failure to segregate the admissible from the inadmissible leaves the entire offer inadmissible.

Appellants acknowledge the general rule that prior bad acts are not ordinarily admissible to prove that a party acted in conformity therewith. And we agree with Ap-

pellee that, during a six-year period, three low speed accidents "under apparently low risk conditions" does not demonstrate a habit as contemplated by Rule 406. The court did not err in excluding Plaintiffs/Appellants Exhibit Number 15. The seventh point of error is overruled.

In point of error eight, Appellants argue that the trial court erred in excluding from evidence a Longview Police Department internal report, which assessed Officer Cuellar's driving conduct in the collision with Appellants. The court, in granting a preliminary motion in limine in favor of Longview, had ruled the report to be inadmissible. Later, Appellants tendered the report outside the presence of the jury in an informal bill of exception. Appellants argue the report was admissible as an admission by a party opponent.

▆▆▆▆ To be entitled to complain on appeal that the trial court erroneously excluded evidence, Appellants must have tendered the evidence developed in the bill of exception *and* suffered an adverse ruling. *Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.*, 715 S.W.2d 658, 662–63 (Tex. App.—Dallas 1986, writ ref'd n.r.e). The ruling granting Longview's motion in limine was not a ruling on the admissibility of the evidence and does not preserve error. *Hudson v. Smith*, 391 S.W.2d 441, 449 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.). Furthermore, Appellants failed to secure a ruling on the admissibility of the report from the trial court after they tendered the evidence in their bill of exception. Consequently, Appellant's eighth point of error presents nothing for review. TEX.R.APP.P. 52(a), (b).

▆▆▆ In point of error nine, Appellants insist that the trial court erred in granting Longview's special exception to Appellants' negligent entrustment cause of action against Longview. In their Third Amended Original Petition, Appellants alleged that

Defendant Longview Police Department allowed Defendant Cuellar to operate a city vehicle with actual knowledge of his poor driving record and as such were negligent in their entrustment of this vehicle and driving privileges of Officer Cuellar.

Longview specially excepted to these allegations because "it alleges a cause of action for negligent entrustment against the City of Longview and that such a cause of action is not recognized under the Texas Tort Claims Act and is not a cause of action for which relief may be granted under § 101.021 Texas Civil Practice and Remedies Code." The trial court granted Longview's objection to Appellants' allegations.

The Texas Tort Claims Act provides, in pertinent part, that

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

Appellants' allegations against the City based on *Officer Cuellar's conduct* fall squarely within Section 101.021(1)(A) of The Texas Tort Claims Act. *See State v. Terrell*, 588 S.W.2d 784 (Tex.1979). We conclude, however, that the negligent entrustment cause of action based on the Longview Police Department's decision to allow Officer Cuellar to operate the patrol car is not a cause of action included in the Acts' limited waiver of sovereign immunity. *See Young v. Dimmitt*, 787 S.W.2d 50, 51 (Tex.1990) (affirming the trial court's refusal to allow negligent entrustment claim). The trial court did not err in grant-

ing Longview's special exception. Point of error nine is overruled.

The judgment of the trial court is **affirmed**.