11th
Court of Appeals

                                                               
Eastland, Texas

                                                                        Opinion

 

Wanda White, individually; as Independent
Executrix 

of the Estate of Virgil E. White, deceased;
and as Trustee 

of the Family Trust created under the Last
Will and 

Testament of Virgil E.
White, deceased

Appellant

Vs.                   No.
11-01-00040-CV B Appeal from Dallas County

Lynne White, as next friend of Cindy 

White, a minor, and Lee
White

Appellees

 

Wanda
White=s former daughter-in-law,[1]
Lynne White, on behalf of her minor daughter, Cindy White,  joined by Lynne White=s adult son, Lee White, by way of
intervention in a pending lawsuit,[2]
sued Wanda White for damages in connection with an estate and two trusts.  They also sought to have her removed as
executor of Virgil E. (Gene) White=s will and to have her removed as trustee of the V. E. White Trust (the
family trust) created by the terms of that will.  They also sought removal of a third party who had been named as
trustee of a living trust, the White Children=s Trust (the children=s trust).[3] 








After a
bench trial, the trial court removed appellant as trustee of the family trust
and also removed her from her position as independent executor.  The trial court found that appellant had
failed to account to appellees and had violated the terms of the family trust;
that those violations had resulted in financial loss; that she had ill will and
exhibited a hostile attitude toward Cindy and Lee to the extent that it
affected her ability to fulfill her duties as trustee; that insofar as the
estate was concerned, she had misapplied or embezzled property of the estate;
that she failed to return an inventory; and that she was guilty of gross
misconduct or gross mismanagement in the performance of her duties.  The trial court also removed the third party
from his position as trustee of the children=s
trust and appointed Nathan K. Griffin successor trustee of the children=s trust, administrator
(with will annexed) of Gene=s
estate, and successor trustee for the family trust.  As a part of the judgment, the trial court awarded $598,962.58 to
Griffin, in his representative capacities, 
for damages arising in connection with the family trust.  That amount represents an award of
$70,339.47 in connection with the sale of the Jupiter Road property, $71,500.00
for lease payments allegedly converted by appellant, prejudgment interest
related to the sale in the amount of $128,633.11, and prejudgment interest in
connection with the rentals of the Jupiter Road property in the amount of
$65,476.27.   The trial court also
awarded the substitute trustee of the children=s
trust $118,190.15 as damages related to the children=s trust. 
Of that amount, $89,846.80 represented monies received by appellant and
$28,343.35 represented prejudgment interest. 
The family trust was ordered to pay attorney=s fees to appellees in the amount of
$10,000.00.  Additionally, the court
ordered appellant to pay appellees the sum of $37,500.00 in attorney=s fees.  We affirm in part, modify and affirm in
part, reverse and render in part, and reverse and remand in part.

Gene
White and appellant were married in 1949. 
Gene executed his will in 1979. 
The will contained provisions for the family trust.  At that time, Gene and appellant also
established a separate living trust, the children=s
trust.  The children=s trust was initially
funded with a forklift.  Later, certain
real property was added to the corpus of the trust.  Gene and appellant were divorced in 1986, but there is some evidence
in the record that they continued to live together as husband and wife after
that.  That point has not been made the
subject of an issue on appeal.  Gene
died in 1990.

There
are three different parcels of real property which are involved in this
lawsuit.  Two of these parcels belong to
the family trust: the Jupiter Road property and the Cavalier Street
property.  The remaining parcel is known
as the Easy Street property and was conveyed to the children=s trust in 1983.  Appellant was the trustee of the family
trust as well as its primary beneficiary. 
The third party who was trustee of the children=s trust never actually performed the duties of
trustee except to sign blank checks for Gene, who actually conducted the
business of the children=s
trust.








Appellant
has stated her first issue on appeal to be:

Was there legally and factually sufficient
evidence to support the trial court=s
findings that Wanda White failed to administer the Estate, breached her
fiduciary duty by converting Estate assets to her own use, misapplied and/or
embezzled funds from the Estate, failed to account to Estate beneficiaries,
materially violated the terms of the White Family Trust, and was guilty of
gross misconduct with regard to handling the Estate of Gene White?  Did the trial court err in its legal
interpretation of the will?  Did the
evidence justify the trial court=s
removal of Wanda White as Independent Executor and Trustee and the award of
attorney=s fees?

 

Even
though the issue is multifarious, we will discuss the issue in sub-parts as we
understand them.  See TEX.R.APP.P.
38.1.  We think that the issue can be
outlined and understood as follows:

A.  Was there legally and factually sufficient
evidence to:

      1. 
support the trial court=s findings that appellant failed to administer the estate?

     2. 
support the trial court=s findings that appellant breached her fiduciary duty by:

          a. 
converting estate assets to her own use?

          b. 
misapplying or embezzling funds from the estate?

          c. 
failing to account to estate beneficiaries?

          d. 
materially violating the terms of the family trust?

            e.  committing gross misconduct with regard to the handling of Gene=s estate?

B.  Did the trial court err in its
interpretation of Gene=s
will?

C.  Did the evidence Ajustify@ the trial court=s:

      1. 
removal of appellant as independent executrix?

      2. 
removal of appellant as trustee of the family trust?

      3. 
award of attorney=s fees?

When
reviewing a legal sufficiency point, we will consider only the evidence and
inferences tending to support the trial court's finding.  Wal‑Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934 (Tex.1998);  Continental
Coffee Products Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex.1996).  We will disregard any evidence that is
contrary to the finding.  Associated
Indemnity Corporation v. CAT Contracting, Inc.,  964 S.W.2d 276 (Tex.1998). 









In
determining the factual sufficiency of the evidence, we will consider and weigh
all of the evidence and determine whether the finding is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.   Cain v. Bain, 709 S.W.2d 175 (Tex.1986);  In re King's Estate, 244 S.W.2d 660, 661
(Tex.1951).

We will
first address the legal and factual sufficiency of the evidence in connection
with appellant=s
removal from her position as independent executrix of Gene=s estate.  TEX. PROB. CODE ANN. ' 149C (Vernon 1980 & Supp. 2002) provides
in relevant part:

(a) The
county court, as that term is defined by Section 3 of this code, on its own
motion or on motion of any interested person, after the independent executor
has been cited by personal service to answer at a time and place fixed in the
notice, may remove an independent executor when:

 

(1) the
independent executor fails to return within ninety days after qualification,
unless such time is extended by order of the court, an inventory of the
property of the estate and list of claims that have come to his knowledge;

 

(2)
sufficient grounds appear to support belief that he has misapplied or
embezzled, or that he is about to misapply or embezzle, all or any part of the
property committed to his care;

 

(3) he
fails to make an accounting which is required by law to be made;

 

(5) he is
proved to have been guilty of gross misconduct or gross mismanagement in the
performance of his duties.

 








The record
shows that appellant was appointed independent executrix of Gene=s estate in 1990.  Although appellant testified that she had taken the information
for the inventory to her attorney in 1990, the record also shows that an
inventory of the estate was not filed until 1999.  Section 149C(a)(1) required that appellant file the inventory
within 90 days of her qualification; the record establishes that she did not.  Furthermore, an independent executor owes
the same fiduciary duty to beneficiaries as does a trustee of a trust.  McLendon v. McLendon, 862 S.W.2d 662
(Tex.App. B Dallas 1993, writ den=d). 
One of those duties involves the duty to make a full disclosure of all
material facts.  Montgomery v. Kennedy,
669 S.W.2d 309, 313 (Tex.1984).  Here,
appellant never disclosed anything to anyone. 
Further, she never established any separate accounts for the estate but,
rather, co-mingled all of the property with her own.  The trial court found other violations of Section 149C; but,
because the trial court would not have erred even if it removed appellant upon
her failure to file a timely inventory, appraisement, and list of claims alone,
we need not discuss the other grounds for removing appellant.  TEX.R.APP.P. 47.1.   The evidence is both legally and factually sufficient to support
the trial court=s removal of appellant from her position as
independent executrix of Gene=s estate.  Insofar as appellant=s first issue relates to the legal and
factual sufficiency of the evidence to remove her from her position as
independent executrix, the issue is overruled. 
Furthermore, for the same reasons, we also overrule that portion of
appellant=s first issue in which she asks whether the
evidence Ajustifies@ appellant=s
removal as executrix.  

We next
address appellant=s
complaint that the evidence is legally and factually insufficient to support
her removal from her position as the trustee of the family trust.  We hold that the evidence is both legally
and factually sufficient to support the judgment of the trial court.

Gene=s will provided that appellant would receive
certain property (not involved in this lawsuit) upon his death.  The will then provided that the residue of
the estate would vest in the trustee of the family trust.  Appellant was the trustee of the family
trust.  The heading of Article VI of
Gene=s will was AFamily Trust@ and
provided, in part, as follows:

6.1 My Trustee shall hold and administer any
property expressly allocated to my Trustee for administration under this
Article by any other provisions of this Will as one trust which shall be called
V.E. WHITE TRUST.  My wife shall be
the primary beneficiary of such trust during her lifetime.

 








6.2 My Trustee shall distribute to my wife
such amounts of trust income and principal as shall be necessary, when added to
the funds reasonably available to my wife from all other sources known to my
Trustee, to provide for her health, support and maintenance in order to
maintain her, to the extent reasonably possible, in accordance with the
standard of living to which my wife was accustomed at the time of my
death.  Further, my Trustee shall
distribute to my descendants such amounts of trust income and principal as
shall be necessary, when added to the funds reasonably available to each such
distributee from all other sources known to my Trustee, to provide for the
health, support, maintenance and education of each such distributee, taking
into consideration the age, education and station in life of each such
distributee....I particularly desire that each of my descendants be afforded
every opportunity to obtain as complete an education, including attendance at
graduate and professional schools, as he or she may reasonably desire and be
qualified to obtain.  (Emphasis added)

 

 The family trust was to
terminate upon appellant=s death.  The trust provisions
of the will provided a method for distribution at that time.

The correct interpretation of Gene=s will is important to a determination of who were beneficiaries of the
estate and the family trust.  Appellant
maintains that the trial court erred in the manner in which it interpreted Gene=s will. 
We disagree.  A testator is free
to devise his property in any way he sees fit. 
State v. Rubion, 308 S.W.2d 4, 8 (Tex.1957).  The primary task of a court when interpreting a will is to
determine the intent of the testator by looking at the words used in the will
and to give effect to that intent.  Edds
v. Mitchell, 184 S.W.2d 823, 824 (Tex.1945). 
It is clear from the language in Gene=s will that the current needs of appellant were to be taken care of, as
well as the current needs of his descendants.  It is true that appellant was named as the primary beneficiary,
but the provisions for the descendants cannot be ignored.  This case does not involve a testamentary
trust that provides simply for expenditure of income and invasion of corpus to
a beneficiary and then names a remainder person to receive whatever is
left.  Gene=s will contained an additional trust
provision, that being the provision in 6.2 as set out above, which provided for
current distributions of income and principal to Gene=s descendants to provide for their health,
support, maintenance, and education. 
This provision was in addition to the one which allowed for the same
type of distributions (except for education) to appellant.  Both of the provisions contained limits on
the amounts which could be distributed. 
The trust provisions dealing with distributions to appellant required
that the distributions be necessary Ato provide for her health, support and maintenance.@  The
provisions relating to Gene=s descendants contained the same language but added the category of Aeducation.@  The trial court did not err in
its interpretation of Gene=s will; and, insofar as appellant=s first issue addresses that point, it is overruled.








A trustee
owes a fiduciary duty to the beneficiaries of the trust.  Montgomery v. Kennedy, supra at 313.  Again, one of the fiduciary duties owed to
the beneficiaries of a trust is the duty of full disclosure of all material
facts.  Montgomery v. Kennedy,
supra.  Here, as with her duties as
executrix, appellant never disclosed anything to the other trust beneficiaries;
she never accounted to them for anything. 
Further, upon the sale of the Jupiter Road property she charged a
separate individual fee of $10,000.00. 
That money should have been a part of the purchase price of the property
and then added to the corpus of the trust. 
Appellant could make no profit out of her position of trust as a
fiduciary.  See, e.g., Slay v. Burnet
Trust, 187 S.W.2d 377, 387 (Tex.1945).              Furthermore, the record makes it
plain that appellant neither funded the family trust nor set up separate accounts
for it but, rather, dealt with the intended trust assets as though they were
her own.  There were no separate
accounts for the family trust, and there were no documents of transfer of
property to the family trust.  When
asked about the lack of segregated accounts, appellant testified that Athere was no need for that.@  The
record contains many instances where appellant referred to the fact that she
was the only one entitled to distributions from either the estate or the family
trust,  that as executor her Aresponsibility [was] to take care of myself,@ and that as trustee of the family trust she
had no responsibility to anyone but herself.  
The trust provisions which we have quoted provide for a contrary
result.  The evidence was both legally
and factually sufficient to support the trial court=s action in removing appellant from her
appointment as trustee of the family trust. 
We need not address the other grounds set forth by the trial court.  See TEX. PROP. CODE ANN. ' 113.082(a) (Vernon 1995).

In her
brief, appellant challenges the award of attorney=s fees and states that Athe necessity of that work is questionable.@  She
makes no references to the record and cites us no authority.  Appellees= attorney testified that the fees were reasonable and necessary.  There is no evidence to the contrary.  Appellant=s claim regarding attorney=s fees is overruled.

The trial
court did not err in any of the multiple ways alleged in appellant=s first issue on appeal, and the issue is
overruled.








In her
second issue on appeal, appellant complains that the trial court erred when it
allowed evidence which was used to impeach her before she had testified.  We will review this complaint under an abuse
of discretion standard.  City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex.1995).  A court abuses its discretion when it acts
without regard to guiding rules and principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex.1985), cert. den=d, 476 U.S. 1159
(1986).

Appellees
presented their case first, and they called Paul Robert Tyson, Sr. as their
first witness.  Tyson had been a tenant
in a part of the Jupiter Road property, and he later bought the property from
appellant.  At some point in his
testimony, Tyson testified, AI don=t believe Ms. White could tell the truth if
she tripped over it.@  Appellant=s objection was: AObjection, Your Honor.  Lack of
Predicate.@  The
objection was too general and does not preserve any error on appeal.  TEX.R.APP.P. 33.1; Waldon v. City of
Longview, 855 S.W.2d 875 (Tex.App. B Tyler 1993, no writ). 
Moreover, even if error had been preserved, this was a bench trial.  In a bench trial in a civil case, it is
presumed that the trial court considered only the admissible evidence.  Gillespie v. Gillespie, 644 S.W.2d 449
(Tex.1982). 

On appeal,
appellant also argues that the trial court erred by allowing testimony of
specific instances of conduct in violation of TEX.R.EVID. 609, by allowing a
witness to testify as to appellant=s credibility before appellant testified, by shifting the burden of
proof to appellant, and by allowing testimony from a witness who was
incompetent to testify.  None of the
arguments on appeal address the objection made to the trial court.  Appellant has failed to preserve error for
review.  Rule 33.1.   However, even if the trial court did abuse
its discretion in admitting the testimony when it did, we hold that the error,
if any, did not probably cause the rendition of an improper judgment.  See Gillespie v. Gillespie, supra;
TEX.R.APP.P. 44.1(a)(1).  Appellant=s second issue on appeal is overruled. 

In her
third issue, appellant complains that the evidence is legally and factually
insufficient to support the trial court=s finding that the estate was damaged by appellant=s conversion of the net proceeds of the sale
of the Jupiter Road property in the amount of $70,339.47.  In the same issue, appellant also argues
that the evidence was legally and factually insufficient to support the trial
court=s finding that the estate was damaged by
appellant=s conversion of Jupiter Road property lease
payments in the amount of $71,500.00. 
The fourth issue is directed toward the legal and factual insufficiency
of the evidence in connection with rents from the Cavalier Street property.













The fair
market value at the time of the sale is the ultimate issue.  InterFirst Bank Dallas, N.A. v. Risser, 739
S.W.2d 882, 895 (Tex.App. B Texarkana 1987, no writ).   AFair market value@ is that price agreed to by a willing seller,
under no compulsion to sell, and a willing buyer, under no compulsion to buy,
with both buyer and seller having reasonable knowledge of relevant facts.  InterFirst Bank Dallas, N.A. v. Risser, supra
at 889.   If a trustee sells property for
less than she should, she is liable for the value of the property at the time
of the sale less the amount which she received for the property.  InterFirst Bank Dallas, N.A. v. Risser,
supra at 895.  In connection with the
sale of the Jupiter Street property, the burden was upon appellees to prove
that appellant sold that trust property for less than its fair market
value.  There is evidence in the record
that the value of the property at the date of Gene=s death, some 4 years before the sale, was
$575,000.00.  There is also evidence of
the sale price and evidence that the sale price was based upon the balance of
an outstanding note on the property, plus delinquent taxes, plus a $10,000.00
fee to appellant.  At trial, appellant
was asked whether she would agree that the fair market value of the Jupiter
Street property on the date of the sale was $575,000.00.  She agreed that it was Afrom what I can tell from the tax
statements.  That=s what I=m going by.@  An objection was interposed that the answer
was non-responsive, and the trial court sustained the objection.  There was no further inquiry into the
matter.  We have been able to find no
other references in the record to the fair market value of the Jupiter Street
property at the time of the sale. 
Without such evidence we cannot determine whether appellant sold the
property for less than its fair market value. 
There is no evidence to support the trial court=s finding that appellant converted the sum of
$70,339.47.  Even if we are incorrect in
our holding, appellant was entitled, under the terms of the trust, to expend so
much of the income and principal as necessary to provide for her Ahealth, support and maintenance@ according to her standard of living at the
time of Gene=s death. 
We hold that, if appellant sold the property for less than its fair
market value, then it was appellees= burden to prove that the fair market value less the amount received
from the sale exceeded the amount to which appellant was entitled under the
terms of the family trust.  There is no
such evidence in this record.  To the
contrary, the record contains testimony that appellant needed all of the funds
to maintain her lifestyle and provide for her health and support. Further, as
current beneficiaries of the family trust, appellees claim that they were
entitled to receive payments from the trust, but there is no evidence of the
amount to which they claimed to be entitled.

The
evidence is both legally and factually sufficient to show that appellant
collected rents from the Jupiter Street property and the Cavalier Street
property.  We have already held that the
evidence was both legally and factually sufficient to show that appellant
breached her fiduciary duties and also to show that her removal as executrix
and as trustee was proper.  However, it
then was incumbent upon appellees to take the additional step and prove damages
which were due to them from appellant because of those breaches.  Under the terms of the trust, appellant was
entitled to expend so much of the income and principal as necessary to provide
for her Ahealth, support and maintenance@ according to her standard of living at the
time of Gene=s death. 
Again, as we held in connection with the Jupiter Street property, we
hold that, if the amounts appellant took from the properties exceeded the
amount to which she was entitled under the trust, then it was appellees= burden to prove the amount by which
appellant exceeded the amount to which she was entitled.  There is no such evidence in this
record.  Again we point out that the
record contains testimony that appellant needed all of the funds to maintain
her lifestyle and provide for her health and support. While appellees claim to
be current beneficiaries of the family trust and further claim that they were
entitled to receive payments from the trust, there is no evidence of the amount
to which they claimed to be entitled. 

At the
closing of the sale of the Jupiter Street property, appellant was paid,
individually, the sum of $10,000.00 from the sale of the Jupiter Street property
as a Afee@ to her.  Appellant cannot
self-deal without breaching her fiduciary duty.  A trustee has a duty to administer the business of the trust in
the interest of the beneficiaries alone. 
She should exclude her own advantage. 
InterFirst Bank Dallas, N.A. v. Risser, supra at 899.  Anything which gives a trustee an advantage
to the detriment of the beneficiaries is construed as self-dealing.  InterFirst Bank Dallas, N.A. v. Risser,
supra at 898.  The money should have
been paid over to the family trust.  The
trial court did not err when it ordered appellant to pay the sum of $10,000.00
to the new trustee of the family trust.








Appellant=s third and fourth issues are sustained
insofar as they challenge the award of damages for the sale of the Jupiter Road
property below fair market value, the rentals on the Jupiter Road property, and
the rentals on the Cavalier Street property. 
The third issue is overruled with regard to the $10,000.00 fee paid
directly to appellant in connection with sale of the Jupiter Street property.

Appellant=s fifth issue on appeal is again
multifarious; and, in order to facilitate our discussion of the issue, we will
outline appellant=s
fifth issue on appeal:

A.  Was there legally and factually sufficient
evidence to support the trial court=s finding that:

 

1. 
appellant knowingly participated in and benefitted from breaches
committed by the third party trustee of the children=s trust?

 

2. 
appellant took money which belonged to the children=s trust and used it for her own purposes?

 

3. 
the award in relation to the children=s trust should be $118,190.15.

 








Appellant
admits that the original trustee breached his fiduciary duty.  However, she denies that she participated in
any of the breaches.  That is not the
basis upon which the trial court entered judgment against appellant in
connection with the children=s trust.  As a part of its
findings, the trial court found that appellant Awrongfully has received and holds money which rightfully belongs to the
White=s Children=s Trust.@  AMoney had and received@ was one theory upon which recovery was
sought by appellees in connection with the children=s trust. 
The issue that is to be decided in an action for money had and received
is to which party does the money, in equity, justice, and law, belong.  A claimant need only show that the defendant
holds money which in equity and good conscience belongs to the claimant.   Staats v. Miller, 243 S.W.2d 686, 687
(Tex.1951).  The evidence presented by
appellant shows that on one occasion the original trustee came to her and told
her that there was no trust.  She then
began to deal with the property as though it were her own.  The evidence shows that there were no
separate accounts and that the income and expenses were co-mingled with
appellant=s other business.  Appellant took money from the children=s trust and used it as her own, outside of
the directions of the trust itself.  The
trial court awarded judgment for the children=s trust in the amount of $89,846.80. To that amount, the trial court
added prejudgment interest in the amount of $28,343.35.  That figure does allow for offsets and
credits to appellant for amounts she paid on behalf of the children=s trust. 
The evidence is both legally and factually sufficient to support the
trial court=s finding in connection with the claim for
money had and received.  Appellant=s fifth issue is overruled.

Appellant=s remaining issue deals with prejudgment
interest.  In view of our holding, this
case is remanded to the trial court so that it might recalculate prejudgment
interest on all damages affirmed in this appeal.  Such interest is to be computed as simple interest.  See Johnson & Higgins of Texas, Inc. v.
Kenneco Energy, Inc., 962 S.W.2d 507 (Tex.1998).  

The
judgment of the trial court awarding damages for rentals on the Jupiter Street
property and rentals on the Cavalier Street property is reversed; and judgment
is rendered that the family trust take nothing on those claims.  The portion of the judgment pertaining to
the sale of the Jupiter Street property is modified to reflect damages in the
amount of $10,000.00 and, as modified, is affirmed.  The judgment of the trial court pertaining to prejudgment
interest is reversed, and the issue is remanded to the trial court for
recomputation of prejudgment interest. 
In all other things, the judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

June 20, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[4]











[1]Lynne White had been married to one of appellant=s sons, Ronnie. 
After they were divorced in 1989, Ronnie died in 1998.





[2]Other family members had originated the suit, but they
asked the trial court to dismiss the suit as to them; and the trial court did.





[3]The third party settled with appellees, and he is not a
part of this appeal.





[4]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.