TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellant,

v.

LONE STAR GAS COMPANY, A DIVISION OF ENSERCH CORPORATION, Appellee.

No. 06–98–00036–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 15, 1998.

Decided July 16, 1998.

Rehearing Overruled Sept. 1, 1998.

Danica Lynn Milios, Asst. Atty. Gen., Tort Litigation Division, Austin, for appellant.

Dana Lee Kale, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

CORNELIUS, Chief Justice.

This is an accelerated appeal from an interlocutory order denying the Texas Department of Criminal Justice's plea to the jurisdiction in Lone Star Gas Company's suit for damages. Lone Star sued the Department for damages to an underground pipeline caused by a prison inmate while operating a road grader belonging to the Department.

The appeal is authorized and accelerated pursuant to the provisions of TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1998) and TEX.R.APP. P. 28.1.

The sole issue is whether the trial judge erred by denying the plea to the jurisdiction filed by the Department under a claim of sovereign immunity.

On November 15, 1994, an inmate was operating a road grader on Department property. He accidentally struck and ruptured a buried natural gas transmission line belonging to Lone Star, causing a loss of gas. At the time of the accident, the inmate was acting under the direction of Wayne Duhon, a paid employee of the Department.

Lone Star sued the Department for $34,501.04, representing damages to the pipeline, and for $7,817.68 for lost natural gas. The suit was brought pursuant to Section 101.021 of the Texas Tort Claims Act, which provides in relevant part:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an *employee* acting within his scope of employment if:

  (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

  (B) the *employee* would be personally liable to the claimant according to Texas law; . . . .

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997) (emphasis added).

■ At the time of the accident in 1994, there was no provision in the Texas Tort Claims Act for waiver of sovereign immunity and consequent liability of the state for actions of prison inmates. In 1995, the Texas Legislature specifically waived its sovereign immunity for certain acts of inmates by adding Section 101.029 to the Texas Tort Claims Act. That section provides:

(a) The Department of Criminal Justice is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an inmate . . . if:

  (1) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment;

  (2) the inmate . . . would be personally liable to the claimant according to Texas law; and

  (3) the act, omission, or negligence was committed by the inmate . . . acting in the course and scope of a task or activity that:

    (A) the inmate . . . performed at the request of an employee of the department; and

    (B) the inmate . . . performed under the control or supervision of the department.

(b) This section does not apply to property damage, personal injury, or death sustained by an inmate. . . .

TEX. CIV. PRAC. & REM.CODE ANN. § 101.029 (Vernon 1997).

The 1995 Act applies only to causes of action accruing on or after the effective date of the Act; actions that accrued before the effective date of the Act are governed by the prior law.[1]

The Department argues that, because the accident occurred in 1994, before enactment of the 1995 change, sovereign immunity protected it from liability. It contends that if, prior to 1995, the state and its agencies were liable for acts of inmates while operating motor-driven vehicles or motor-driven equipment, there would have been no need for the Legislature to enact Section 101.029.

The Department cites the case of *Harris County v. Dillard,* 883 S.W.2d 166, 167–68 (Tex.1994), in which the Supreme Court held that a governmental unit is not liable for the actions of a person who acts in its behalf but is not a *paid employee.* That case involved a volunteer reserve deputy sheriff who caused the death of one person and serious injuries to another while trying to apprehend a person driving a speeding automobile. The court wrote that the sole issue in that case was whether a governmental unit is liable for the actions of a person who acts in its behalf but is not a paid employee. The court held that it is not and reversed the judgment of the court of appeals.

The Department contends that, since the inmate was not a paid employee of the state, the state is not liable for his acts, even though he was acting in behalf of the state.

It is significant that the Legislature enacted Section 101.029 of the Tort Claims Act in 1995 to provide clearly and specifically for the waiver of sovereign immunity for certain specific acts of prison inmates. We infer that the Legislature did so in order to provide for liability of the state where none existed before, i.e., for specified acts of inmates.`

■ Lone Star argues that its underlying claim is based on Section 101.021(1) of the Tort Claims Act, not on Section 101.029. It argues that at the time of the accident, the

---

**1.** Act of May 24, 1995, 74th Leg., R.S., ch. 321, § 1.115, 1995 Tex. Gen. Laws 2804.

inmate operating the road grader was under the control, supervision, and custody of persons from the Department; that the inmate was operating the road grader because he had been instructed to do so by a supervisor employed by the Department; that the Department was negligent in failing to properly supervise and control the work of the inmate operating the road grader; that the Department's negligence is actionable under the Tort Claims Act; that a claim under Section 101.021 of the Tort Claims Act can arise through the negligence of an unpaid agent duly appointed by and carrying out the duties of a paid state employee; and that in this case liability is predicated on the negligent acts of paid employees and their faulty supervision, control, and direction of the inmate operating the road grader.

The Department argues that Lone Star's allegations of negligence on the part of state employees do not bring the inmate's actions within the umbrella of the waiver of immunity provided by the Tort Claims Act. It references Lone Star's contentions that Department employees improperly supervised the inmate operating the road grader, failed to maintain a proper lookout for Lone Star's pipeline, failed to supervise and train the inmate properly, failed to inquire as to the location of Lone Star's pipeline, failed to heed information, negligently entrusted the road grader to the inmate, and failed to provide adequate equipment to the inmate.

These allegations do not bring this case within the waiver of immunity provided by the Tort Claims Act. The negligence of the employee must be in the operation or use of a motor vehicle or motor-driven equipment. Negligence of employees that is not directly involved in the use or operation of motor-driven equipment does not come within the waiver of immunity provided for in Section 101.021(1). *See LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992). There is no allegation in this case that other employees of the Department caused damage by using or operating motor-driven equipment, and there is no allegation that any employee affirmatively directed the inmate in his use of such equipment.

Further, neither Lone Star's claim of negligent entrustment nor its allegations of the use, misuse, or nonuse of information, states a cause of action under the Tort Claims Act. *University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994); *Waldon v. City of Longview*, 855 S.W.2d 875, 880 (Tex.App.-Tyler 1993, no writ) (citing *Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex.1990)).

We conclude that, since the incident in question occurred in 1994, the state was not liable for the acts of the inmate, and the trial court erred in denying the Department's plea to the jurisdiction.

We reverse the order denying the Department's plea to the jurisdiction and remand the cause to the trial court to dismiss the cause for want of jurisdiction.