In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00022-CV


______________________________




PRUDENCIO CORDOVA, Appellant



V.



WILLIAM E. HARKINS, ET AL., Appellees




 


On Appeal from the 278th Judicial District Court


Walker County, Texas


Trial Court No. 19,153-C




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Prudencio Cordova appeals from a directed verdict against him in his personal injury suit
against the Texas Department of Criminal Justice-Institutional Division (TDCJ). On October 25,
1994, Cordova was injured while working in the dining hall of the Wynne prison unit of the TDCJ. 
Cordova sustained burns on his left foot when another inmate, Andrew Odem, Jr., splashed boiling
water on him while spreading water to mop the floor. 

 Cordova sued alleging that the TDCJ was negligent. On August 8, 2000, following the
presentation of Cordova's evidence, the trial court granted the TDCJ's Motion for Directed Verdict
on the ground that the TDCJ had not waived its sovereign immunity. 

 Cordova contends the trial court erred in entering a directed verdict against him based on
sovereign immunity because Odem's act falls within the waiver of sovereign immunity found in the
Texas Tort Claims Act. See generally Tex. Civ. Prac. & Rem. Code Ann. § 101.001, et seq.
(Vernon 1997 & Supp. 2002). 

 We review de novo a trial court's directed verdict. Graham v. Atl. Richfield Co., 848 S.W.2d
747, 750 (Tex. App.-Corpus Christi 1993, writ denied). A directed or instructed verdict is proper
when (1) a defect in the opponent's pleadings makes them insufficient to support a judgment; (2) the
evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law;
or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. Edlund v.
Bounds, 842 S.W.2d 719, 723-24 (Tex. App.-Dallas 1992, writ denied). When reviewing a directed
verdict, we consider all of the evidence in the light most favorable to the party against whom the
verdict was directed, disregarding all contrary evidence and inferences, and giving the losing party
the benefit of all reasonable inferences raised by the evidence. Qantel Bus. Sys., Inc. v. Custom
Controls Co., 761 S.W.2d 302 (Tex. 1988). If there is any evidence of probative force to raise a fact
issue on a material question, the issue must go to the jury, and a directed verdict is improper. Najera
v. Great Atl. & Pac. Tea Co., 146 Tex. 367, 207 S.W.2d 365, 367 (1948). 

 Considering the testimony presented in the light most favorable to Cordova, and mindful that
we are not to decide any factual disputes (that being a matter for the jury), the evidence shows that
the TDCJ guards and supervisors were in charge of all of the inmates' actions during the process of
cleaning the kitchen area. Rhonda Babcock was the guard overseeing the kitchen cleaning process
on the date of the incident. Babcock testified that some of the guards heated the water before
throwing it on the floor for scrubbing, while others merely used hot tap water from the sink. There
was testimony that the water used to clean the floor on the day in question had been boiled. There
was testimony that the guards on duty that day were in a position to personally observe the water
being boiled in the kitchen area. The guards' jobs were to see to it that the inmates observed the
regulations and procedures for the cleaning of the floor; if the inmates were using improper
procedures, the guards had the authority to make them conform to the rules. There was testimony
that guards were present during the time immediately before the incident the subject of this suit. One
inmate testified that he heard the captain in charge of the kitchen tell the inmates that the water
should be heated before using it on the floor.

 A claim against a governmental unit is viable only to the extent it falls within the parameters
of the Texas Tort Claims Act. The Act provides for a limited waiver of sovereign immunity for
certain actions of governmental employees. Cordova's suit was based on Section 101.021(2):

 A governmental unit in the state is liable for:

 

 . . . .
 (2) personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law. (1)

 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997).

 In Texas Dep't of Criminal Justice v. Lone Star Gas Co., 978 S.W.2d 176 (Tex.
App.-Texarkana 2000, no pet.), we held that the applicable provisions of the Texas Tort Claims Act,
specifically, Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (A), (B) (Vernon 1997), did not
waive the state's sovereign immunity from liability for the negligent act of an inmate while operating
a road grader under the direction of a TDCJ employee. While operating the road grader, the inmate
struck and ruptured an underground gas line belonging to the company. Lone Star Gas sued for
damages to the pipeline and for the value of lost gas. Texas Dep't of Criminal Justice, 978 S.W.2d.
at 176. In its petition, Lone Star Gas alleged the TDCJ's liability was based on the inmate's operation
of the road grader which was under the control, supervision, and custody of the TDCJ; that the
inmate was operating the road grader as instructed by a TDCJ employee; and that the TDCJ was
negligent in failing to supervise and control the work of the inmate operating the road grader. In
reviewing the trial court's ruling denying the TDCJ's plea to the jurisdiction, we stated:

 These allegations do not bring this case within the waiver of immunity
provided by the Tort Claims Act. The negligence of the employee must be in the
operation or use of a motor vehicle or motor-driven equipment. Negligence of
employees that is not directly involved in the use or operation of motor-driven
equipment does not come within the waiver of immunity provided for in Section
101.021(1). See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49
(Tex. 1992). There is no allegation in this case that other employees of the
Department caused damage by using or operating motor-driven equipment, and there
is no allegation that any employee affirmatively directed the inmate in his use of such
equipment.

 

Id. at 178 (Emphasis added.).

 In Smith v. Univ. of Texas, 664 S.W.2d 180 (Tex. App.-Austin 1984, writ ref'd n.r.e.), the
plaintiff was an unpaid volunteer official at a NCAA track meet held at Memorial Stadium. While
standing in an area in which the shot put event was held, and being under the impression that no
further practice throws were allowed, he was nonetheless struck and injured by the shot put thrown
by one of the participants. He filed suit against the university, alleging negligence by the university 
in the use of tangible real and personal property. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2); Smith, 664 S.W.2d at 188-89. Summary judgment was rendered by the trial court in
favor of the university. On appeal, the Austin Court of Appeals reversed. The court held that the
allegations of the petition sufficiently alleged negligence in the use of tangible personal and real
property. They further held that while Smith did allege negligence on the part of other unpaid
volunteers, he also alleged negligence on the part of the head track coach, a paid university
employee, who was responsible for seeing that safety guidelines concerning the shot put event were
followed. Smith, 664 S.W.2d at 190. The Austin court held that the question to be determined was:

 [I]f the University were a private corporation which had a paid employee whose
responsibility it was to oversee work to be done, with authority to appoint unpaid
volunteer officials to assist in the work to be done (here, the conduct of the track
meet and the shot-put [sic] event) and such paid employee was negligent in the
performance of his appointed duties, would the private corporation be liable under
the doctrine of respondeat superior for the negligence of the appointed, unpaid
volunteer in carrying out his appointed duties? We hold that liability does exist
under such circumstances. El Paso Laundry Co. v. Gonzales, 36 S.W.2d 793 (Tex.
Civ. App. 1931, writ dism'd), holds that a volunteer worker will have the same status
as an employee, whenever the employer:

 

 1. Has a right to direct duties of the volunteer. (Here Price, the paid
employee had such right);

 

 2. Has an interest in the work to be accomplished. (The University had
such interest--it was promoting an NCAA National Championship meet);

 

 3. Accepts direct or incidental benefit derived from the volunteers' work
(such is true here); and

 

 4. Has a right to fire or replace a volunteer (Price had such right under
the admissions made by the University).

 See Restatement of Agency 2d, § 225 (1958); Eldridge v. Citizens Railway Co., 169
S.W. 375 (Tex. Civ. App. 1914, no writ). We hold that there would be private
liability under the circumstances. Price was a paid University employee charged with
the above detailed duties and responsibilities. His appointment of a volunteer who
was acting within the scope of his employment in assisting Price to carry out his
duties, does not preclude the application of waiver of immunity by the University
under section 3 of the Act.

 

Id. at 190. Our Lone Star Gas opinion did not cite to Smith, but did cite Harris County v. Dillard,
883 S.W.2d 166 (Tex. 1994). In this case, a reserve Harris County deputy, a volunteer subject to
being called into service, attempted to apprehend a speeding motorist, spun out of control, and hit
another car head-on, killing one person and severely injuring another person in the other vehicle. 
The trial court instructed the jury that a volunteer could be considered an "employee" of Harris
County, and the jury returned a damages verdict against the county on a finding that the reserved
deputy had been negligent. The court of appeals affirmed the judgment. The Texas Supreme Court,
however, reversed holding that the unpaid volunteer reserve deputy did not fit the statutory definition
of "employee" found in Tex. Civ. Prac. & Rem. Code Ann. § 101.001 (Vernon Supp. 2002), which
requires that the person be "in the paid service" of the governmental entity. Dillard, 883 S.W.2d at
167-68. In a footnote, the Texas Supreme Court noted Smith, refusing to either approve or
disapprove of the holding in that case, instead finding it inapplicable because the plaintiff in that case
alleged negligence on the part of a paid university employee, whereas in Dillard, no allegations of
negligence were made as to any paid Harris County employee. Id. at 167-68 n.2. 

 Smith, in the portion of its opinion quoted above, analyzed the university's potential liability
in terms of whether, if it were a private corporation, would it be liable. Smith, 664 S.W.2d at 190. 
The Austin court found that the allegations of the plaintiff's petition, which alleged negligence, not
only of other unpaid volunteers, but of the head track coach, a paid university employee, were
sufficient to bring the case within the waiver of immunity provisions of the statute pertaining to a
condition or use of tangible personal or real property. (2) While in the present case inmate Odem could
not be accurately described as a "volunteer," he was certainly carrying out the same function as the
unpaid volunteer in Smith at the direction of the paid the TDCJ employee. While in Dillard, the
Texas Supreme Court did not express approval of the Smith decision, it pointedly offered no opinion
on it. Further, Dillard is distinguishable from this case in two significant respects: one, it pertains
to the motor vehicle or motor-driven equipment portions of the statute rather than the subsection
pertaining to tangible personal or real property; and two, the plaintiff therein made no claim of
negligence against anyone other than the reserve deputy; no allegations were made regarding any
paid Harris County employees. Lone Star Gas would be inapplicable to this case for the reason that
it was a motor vehicle or motor-driven equipment case, under a different subsection of the statute
and, in addition, contrary to the language of the opinion, quoted as emphasized above, the plaintiff
in the present case did allege that an employee affirmatively directed him in the use of the
equipment. 

 Based on the foregoing, we hold that statutory immunity was waived under the then-applicable statute, that a fact issue for the jury was properly raised, and that the appellees were not
entitled to a directed verdict. 

 The judgment of the trial court is reversed, and the case is remanded to the trial court for
further proceedings.




 Ben Z. Grant

 Justice


Date Submitted: January 22, 2002

Date Decided: January 23, 2002


Do Not Publish
1. In 1995, subsequent to the date of this accident, the Legislature enacted Tex. Civ. Prac. &
Rem. Code Ann. § 101.029, providing for waiver of sovereign immunity for damage, injury, and
death proximately caused by certain acts, omissions, or negligence of inmates or state jail defendants. 
This limited waiver was applicable to damages, injury, or death arising from the operation or use of
motor-driven vehicles or equipment, where the inmate or defendant would be personally liable under
Texas law if a private person were acting in similar circumstances, and where the act, omission, or
negligence was committed in the course and scope of a task performed at the request of a TDCJ
employee and under the supervision and control of the TDCJ. The section is made inapplicable to
injuries suffered by inmates. Act of May 25, 1995, 74th Leg., ch. 321, §1.108, 1995 Tex. Gen. Laws
2803. 
2. In Harris County v. Dillard, 883 S.W.2d 166, 168 (Tex. 1994), Justice Hecht admonished
us that sovereign immunity was strictly a matter for the Legislature to determine. A careful reading
of Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997), shows that while subsection 1,
the provisions pertaining to motor vehicles and motor-driven equipment, contains the word
"employee," which is earlier defined in the statute at Tex. Civ. Prac. & Rem. Code Ann.
§101.001(1) (Vernon Supp. 2002), as requiring an individual in the paid service of the government,
the sub-section pertaining to the condition or use of tangible personal or real property does not
contain the word "employee." That section only requires that in order to waive sovereign immunity,
the governmental unit be liable to the claimant under Texas law, were it a private person. In Smith,
the opinion appears to presume that the "employee" definition is required to be met, and was met,
in that case, by the allegations brought against Price, who was undisputedly an "employee." 
Following the Texas Supreme Court's directive literally, however, the common law, rather than the
statutory definition of "employee" would be the applicable law, and the Smith court would be correct
in relying on El Paso Laundry Co. v. Gonzales, 36 S.W.2d 793 (Tex. Civ. App. 1931, writ dism'd),
to reach its result. Under this theory, the Texas Supreme Court was also correct in Dillard, because
statutory "employee" is required under the motor vehicle or motor-driven equipment section of the
statute.