6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00094-CV
______________________________



IN RE:
CARL DOUGLAS HAYES





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Carl Douglas Hayes has filed a petition for writ of mandamus. He asks this Court
to order Charles Bacarisse, the district clerk of Harris County, to perform his ministerial
duty to receive and file all papers in and ancillary to his "tort claim." Hayes alleges he filed
a petition with the district clerk of Harris County and the petition was instead filed with the
United States District Court, Southern District of Texas. Hayes claims the petition has yet
to be filed with a Texas district court in Harris County. According to Hayes, the district
clerk's actions are in violation of Rule 21 of the Texas Rules of Civil Procedure. See Tex.
R. Civ. P. 21. Hayes requests that we order Charles Bacarisse to file his petition.
Â Â Â Â Â Â Â Â Â Â Section 22.221 of the Texas Government Code prescribes the original jurisdiction
of the courts of appeals:
(b) Each court of appeals for a court of appeals district may issue all
writs of mandamus, agreeable to the principles of law regulating those writs,
against a:
Â 
(1) judge of a district or county court in the court of appeals
district; or
Â 
(2) judge of a district court who is acting as a magistrate at a
court of inquiry under Chapter 52, Code of Criminal Procedure, in the
court of appeals district.

Tex. Gov't Code Ann. Â§ 22.221(b) (Vernon 2004). First, Harris County is not within our
appellate district, and we do not have jurisdiction over a petition for writ of mandamus from
that locale.


 Second, under the facts alleged, we do not have authority to issue a writ of
mandamus against a district clerk. The Texas Legislature has not conferred authority on
this Court to issue a writ of mandamus generally, and we do not have the authority in the
context of these allegations to issue a writ of mandamus against a district clerk. See In re
Dunn, 120 S.W.3d 913 (Tex. App.âTexarkana 2003, orig. proceeding); In re Simpson, 997
S.W.2d 939 (Tex. App.âWaco 1999, orig. proceeding).
Â Â Â Â Â Â Â Â Â Â Accordingly, we deny Hayes' petition for writ of mandamus.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â July 25, 2005
Date Decided:Â Â Â Â Â Â Â Â Â July 26, 2005




e state
employee's "use of tangible personal property" caused the plaintiff's injuries. In Texas Department
of Public Safety v. Petta, Justice Craig Enoch, writing for a unanimous court, wrote,

Petta's claim that the Department negligently failed to furnish the proper training,
instruction, training manuals, and documents to Rivera also fails. To state a claim
under the Tort Claims Act, a plaintiff must allege an injury resulting from the
"condition or use of tangible personal or real property." We have long held that
information is not tangible personal property, since it is an abstract concept that lacks
corporeal, physical, or palpable qualities. In Dallas County v. Harper, we concluded
that simply reducing information to writing on paper does not make the information
"tangible personal property." And in Kassen v. Hatley, we specifically held that the
information in an emergency room procedures manual is not tangible personal
property. Thus, while instructional manuals can be seen and touched, the Legislature
has not waived immunity for negligence involving the use, misuse, or non-use of the
information they contain. Because written information in the form of instructions
and manuals is not tangible personal property, we conclude that the information
contained in the Department's policy and training manuals in this case is not tangible
personal property and, accordingly, does not give rise to a claim under the Tort
Claims Act.44 S.W.3d 575, 580-81 (Tex. 2001) (footnotes omitted). The fact that the state trooper in Petta had
chased Petta with a police vehicle and had used a gun to fire a bullet at Petta's fleeing car was
insufficient to satisfy the statutory requirement regarding the "use of tangible personal property" with
respect to Petta's claim of negligent implementation of policy. See id. Accordingly, the Texas
Supreme Court held the Department of Public Safety was entitled to summary judgment on the basis
that the State's sovereign immunity had not been waived with respect to Petta's claims. Id. at 581.

 Strode's pleadings in this case outline his theories of recovery. Those theories of recovery
are limited to allegations of negligent implementation of TDCJ's written policies by food
management services employees. Strode's appellate brief also takes great pains to clarify for this
Court that he "seeks to recover based upon the actions of Food Service Management employees
Smith, Parker[,] and Perry" in their failures to adequately implement various safety, training, and
supervision policies as written in TDCJ's various manuals. But the State has not waived its
sovereign immunity with respect to any claims of negligent implementation of written policy. 
Accordingly, the trial court did not err by granting TDCJ's plea to the jurisdiction. (4) We overrule
Strode's third, fourth, and sixth points of error. Cf. Gainesville Mem'l Hosp. v. Tomlinson, 48
S.W.3d 511, 514 (Tex. App.--Fort Worth 2001, pet. denied) (allegation of negligence in failing to
supervise employee is not condition or use of tangible property and does not otherwise fall within
area of governmental liability); Bossley, 968 S.W.2d at 343 (Tort Claims Act does not waive Dallas
County MHMR's immunity from complaint of failing to restrain suicidal mental patient); Waldon
v. City of Longview, 855 S.W.2d 875, 880 (Tex. App.--Tyler 1993, no pet.) (negligent entrustment
cause of action based on Department's decision to allow officer to operate patrol car is not cause of
action included in Texas Tort Claims Act's limited waiver of sovereign immunity). (5)

(3) The Trial Court Did Not Err By Not Allowing Strode To Amend His Pleadings

 Finally, we address whether the trial court should have allowed Strode to amend his
pleadings in lieu of granting TDCJ's plea to the jurisdiction. 

 If a plaintiff fails to plead sufficient facts that affirmatively invoke the trial court's subject
matter jurisdiction, but if the pleadings do not also affirmatively demonstrate incurable defects to
that court's jurisdiction, then the issue is one of pleading sufficiency and the plaintiff should be
afforded the opportunity to amend his or her pleadings such that the trial court's jurisdiction may be
properly invoked. Miranda, 133 S.W.3d at 226-27; County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002); see also Tex. A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 839 (Tex. 2007). 
However, if the plaintiff's pleadings affirmatively negate the existence of jurisdiction, then the trial
court may grant a plea to the jurisdiction without permitting the plaintiff to amend his or her
pleadings. Miranda, 133 S.W.3d at 226; Brown, 80 S.W.3d at 555. The opportunity to amend
pleadings that are insufficient to establish--but do not affirmatively negate--jurisdiction arises once
the trial court first determines the plaintiff's pleadings are insufficient. Koseoglu, 233 S.W.3d at
839-40. More specifically, if the jurisdictional defects are curable through amendment, the plaintiff
should be given the opportunity to amend when an appellate court determines a plea to the
jurisdiction should have been sustained. Id.

 Strode's theories of recovery were based only on the alleged general negligence of TDCJ food
service management employees in failing to properly implement TDCJ's written policies regarding
the training, supervision, and safety of inmate food service workers. The negligent implementation
of a written policy is not a claim for which the Texas Legislature has waived the State's sovereign
immunity because such a claim does not necessarily involve the "use of tangible real property." 
Petta, 44 S.W.3d at 580-81. 

 Permitting Strode to amend his pleadings would not cure the defects at issue with respect to
his theories of liability. Nor was there any evidence presented that a TDCJ official or employee used
tangible personal property to directly contribute to Strode's injuries. See Bossley, 968 S.W.2d at 343
(requiring immediate and direct causal link between defendant's use of tangible personal property
and plaintiff's injuries). At best, the only "use of tangible property" that directly caused Strode's
injuries was his own negligent use of the motorized bandsaw. An inmate's own negligent use of
tangible personal property may not, however, generally serve as a basis for claiming the State has
waived its sovereign immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.029(d) (Vernon
2005). Because Strode has not brought forth any facts on which he can pursue a claim of negligence
against TDCJ, we cannot say the trial court erred by not allowing him an opportunity to amend his
pleadings. Cf. Koseoglu, 233 S.W.3d 840; Reed, 194 S.W.3d at 106; Tex. Dep't of Criminal Justice
v. Lone Star Gas Co., 978 S.W.2d 176, 178 (Tex. App.--Texarkana 1998, no pet.). We overrule this
issue.

 We affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice



Date Submitted: May 20, 2008

Date Decided: August 5, 2008
1. Three fingers were later surgically re-attached. Those three fingers remain unusable, and
Strode has been left with only a nub in the place of his last finger. 
2. TDCJ urges this Court to ignore Strode's deposition, because it appears nowhere in the
official record from the proceedings below and was not otherwise made available to the trial court. 
We agree. The reporter's and clerk's records in this case do not suggest the trial court considered this
full version of Strode's deposition in determining the propriety of TDCJ's plea to the jurisdiction. 
Therefore, because Strode's deposition was not made part of the official record from the court below,
and because Strode's full deposition was not otherwise incorporated into any of the pleadings or
demonstrably considered by the trial court, Strode's full deposition may not be (and has not been)
considered by this Court in resolving any of the issues raised in this appeal. See Tex. R. App. P. 34.5
(defining contents of clerk's record); Tex. R. App. P. 34.6 (defining contents of reporter's record);
Fox v. Wardy, 234 S.W.3d 30, 33 (Tex. App.--El Paso 2007, pet. dism'd w.o.j.); Cantu v. Horany,
195 S.W.3d 867, 870 (Tex. App.--Dallas 2006, no pet.).
3. See Tex. Civ. Prac. & Rem. Code Ann. Â§Â 101.001(3)(A) (Vernon 2005).
4. Additionally, in his fifth point of error, Strode also contends the trial court erred by
concluding that his petition did not provide TDCJ with proper notice, as required by the Texas Tort
Claims Act, of Strode's cause of action. The trial court made no such finding in either its oral or
written rulings. Strode's claim to the contrary lacks any factual support in the appellate record and
is therefore summarily overruled.
5. Alternatively, Strode's pleadings ignore the problem that TDCJ employees are not liable to
inmates for negligent implementation of TDCJ policy unless such employee conduct was
"intentional, wilfully or wantonly negligent, or performed with conscious indifference or reckless
disregard for the safety of others." Â Tex. Gov't Code Ann. Â§ 497.096 (Vernon 2004). Strode's
petition failed to claim that any TDCJ employees intentionally failed to properly implement TDCJ's
written policies, willfully or with wanton negligence failed to properly implement TDCJ's written
policies, or failed to properly implement TDCJ's written policies with conscious indifference or
reckless disregard for the safety of Strode and/or other inmates. In the absence of any such
pleadings, those same TDCJ employees (whose allegedly negligent conduct is at issue) could never
be held to be liable to Strode for his injuries because the Texas Government Code expressly requires
such heightened proof of more than mere general negligence before liability may attach. Therefore,
Strode's pleadings cannot be said to satisfy the pleading requirements of Article 101.021(2).