Opinion filed August 29, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00129-CV
_____

**PHILLIP DENBOW, Appellant**

**V.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee**

**On Appeal from the 367th District Court**
**Denton County, Texas**
**Trial Court Cause No. 21-1092-393**

## M E M O R A N D U M   O P I N I O N

Phillip Denbow sued the Texas Department of Criminal Justice (TDCJ) and others (who are not parties to this appeal) for personal injuries, which he alleged resulted from the negligent operation of a motorized boom lift when he worked at a jail construction project; at the time, Denbow was an inmate in the custody of TDCJ. TDCJ answered and later filed a plea to the jurisdiction contending that the trial court did not have subject-matter jurisdiction over Denbow's claims because (1) TDCJ is

a governmental unit that is entitled to immunity from liability and suit under the Texas Tort Claims Act (TTCA), and (2) the TTCA bars Denbow's claims as they are alleged in his operative pleading.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001–.109 (West 2019).  After a hearing, the trial court granted TDCJ's plea.

On appeal,[1] Denbow does not necessarily complain that TDCJ's plea should have been denied.  Rather, Denbow contends, in four issues, that we should remand this cause to the trial court so that he may amend his pleadings to assert sufficient jurisdictional facts to show that: (1) TDCJ had actual notice of Denbow's claims; (2) TDCJ's immunity was waived under Section 101.021(1)(A) of the TTCA; (3) Section 101.029 of the TTCA does not bar his claims; and (4) TDCJ's immunity is waived because the operator of the boom lift—another inmate—was in the "paid service" of TDCJ when the injury-causing event occurred.  For the reasons expressed below, we affirm.

## I. *Factual and Procedural Background*

Denbow was an inmate in the custody of TDCJ when he was injured.  In February 2019, he and other TDCJ inmates were performing construction work on the Denton County Jail.  On or about February 9, 2019, Denbow was anchoring barbed wire and/or wire brackets to the concrete walls of the jail facility while he was situated in an elevated basket of a motorized Genie Boom Lift (the lift) that was being operated by another inmate.  After a barb wire bracket was attached to one section of a wall, a third inmate entered the lift basket.  Denbow alleged in his pleading that the additional weight of the third inmate, and/or the other inmate's negligent operation of the lift, caused the lift basket to shift such that Denbow's hand was pressed into a barbed wire bracket and the concrete wall, causing the injuries

---

[1]Pursuant to Misc. Docket Order No. 24-9013 issued by the Texas Supreme Court on March 21, 2024, this appeal was transferred to us from the Second Court of Appeals.  Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Second Court of Appeals if its precedent conflicts with ours.  *See* TEX. R. APP. P. 41.3.

that he claims in this case. Corrective surgery was performed on Denbow's hand to reset various fractures and to repair damage to certain tendons.

As will be discussed below, other than the filing of the parties' original pleadings, TDCJ's plea, and Denbow's response, there was minimal activity in the underlying case. Denbow filed his original petition (the operative pleading) on February 9, 2021. Nearly two and one-half years later, TDCJ filed its plea to the jurisdiction on June 5, 2023, contending that the trial court lacked subject-matter jurisdiction over the negligence claims that Denbow had alleged against TDCJ in his original petition because governmental immunity protected TDCJ from liability and suit. Denbow filed his response to TDCJ's plea on December 18, 2023. After a hearing and considering the parties' filings, the trial court granted TDCJ's plea on January 8, 2024.[2]

## II. *Applicable Law and Standards of Review*

### A. *Plea to the Jurisdiction*

Before a court may hear and decide a case, it is essential that the court possess subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A plea to the jurisdiction is a dilatory plea and a proper method by which to challenge a trial court's subject-matter jurisdiction. *Id.* at 554. Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo. *Harris Cnty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 317, 226 (Tex. 2004)).

The purpose of a plea to the jurisdiction is to defeat a pleaded cause of action without reaching the merits. *Blue*, 34 S.W.3d at 554. A plea to the jurisdiction can take two forms: (1) a challenge to the plaintiff's pleadings regarding the allegations of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional

---

[2]We note that, despite the opportunity and the lengthy passage of time, Denbow did not amend his pleadings, nor did he seek leave or otherwise attempt to do so, before the trial court ruled on TDCJ's plea.

facts. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 226–27. Thus, the plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

When the plea only challenges the plaintiff's pleadings, as in the case before us, we must determine if the pleader—here, Denbow—has alleged sufficient facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the case; in this regard, the plaintiff bears the burden to allege such facts. *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020); *Miranda*, 133 S.W.3d at 226. Therefore, we must accept as true all factual allegations in the plaintiff's pleadings, construe them liberally in the pleader's favor, look to the pleader's intent, and determine if the plaintiff has satisfied his burden. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012); *Miranda*, 133 S.W.3d at 226. If the allegations in the plaintiff's pleadings create a fact question regarding jurisdiction, a trial court may not grant the plea because the factfinder must resolve the fact issue. *Rangel*, 595 S.W.3d at 205. But if the pleader fails to raise a fact question on the jurisdictional issue, the trial court may rule on the plea as a matter of law. *Id.*

At times, the opportunity to amend should be considered. Thus, when the allegations in the plaintiff's pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's subject-matter jurisdiction to hear and decide the case, but also do not affirmatively demonstrate incurable jurisdictional defects, the inquiry becomes one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend his pleadings. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). However, if the plaintiff's pleadings affirmatively negate the existence of the trial court's subject-matter jurisdiction, then the plea may be granted without granting the plaintiff the opportunity to amend. *Id.*

B. *Governmental Immunity*

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State, its agencies, and its political subdivisions from lawsuits and liability for money damages. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Governmental immunity is derived from the State's sovereign immunity. Therefore, the State's agencies, such as TDCJ, are afforded the same immunity protections as the State. CIV. PRAC. & REM. § 101.001(3)(A); *see Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

In Texas, the TTCA is the only source for common-law recovery against a governmental unit, such as TDCJ; thus, all tort theories alleged against a governmental unit are assumed to be under and subject to the TTCA. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Therefore, as a state agency and a governmental unit, TDCJ is subject to the provisions of the TTCA and is afforded the protections, if applicable, of governmental immunity under the TTCA. *See* CIV. PRAC. & REM. § 101.001–.109.

Governmental immunity embraces two concepts: immunity from suit and immunity from liability. *Reata*, 197 S.W.3d at 374; *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Governmental immunity deprives a trial court of subject-matter jurisdiction for actions in which certain governmental units have been sued unless the unit has expressly consented to suit. *Reata*, 197 S.W.3d at 374; *Miranda*, 133 S.W.3d at 224; *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). On the other hand, immunity from liability is an affirmative defense, not a matter of subject-matter jurisdiction; however, this immunity must still be waived. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Miranda*, 133 S.W.3d at 224. Because immunity from suit defeats a trial court's subject-matter jurisdiction to hear and decide a case, it is properly raised in a plea to the jurisdiction.

5

*Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022); *Miranda*, 133 S.W.3d at 225–26.

In this case, it is undisputed that the claims that Denbow has asserted against TDCJ arise under the TTCA. As relevant here, Section 101.021(1)(A) of the TTCA provides a limited waiver of immunity that allows a plaintiff to bring suit against a governmental unit in only narrowly defined circumstances: the immunity of a governmental unit will be waived *only* if the plaintiff's complained-of injuries were proximately *caused* by the *negligent operation* or *use* of motor-driven equipment by the governmental unit and/or its *employees*. CIV. PRAC. & REM. § 101.021(1)(A); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003).

By challenging a governmental unit's assertion of immunity, a plaintiff, such as Denbow, may overcome a governmental unit's immunity defense only if the plaintiff demonstrates that the legislature has clearly and unambiguously waived the unit's immunity by statute. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 865 (Tex. 2023); *Dohlen*, 643 S.W.3d at 392 (citing *Tooke*, 197 S.W.3d at 330). Without such a waiver, the trial court lacks subject-matter jurisdiction to proceed, and the claims alleged against the governmental unit are barred. *Rattray*, 662 S.W.3d at 865. Accordingly, the trial court must dismiss the plaintiff's suit if the plaintiff cannot satisfy his burden of affirmatively demonstrating the trial court's jurisdiction to hear and decide the case by showing that the claims alleged by him fall within a statutory waiver of immunity. *Id.*

We begin with the presumption against a waiver of immunity until the plaintiff establishes otherwise. *Rattray*, 662 S.W.3d at 866. To overcome this presumption, the plaintiff must allege sufficient circumstances that fall within a provision of the TTCA that authorizes a waiver of immunity. *Id.* Further, and to avoid dismissal, a plaintiff must also negate the application of any exception or exclusion in the TTCA that functions to protect the governmental unit. *Id.* Generally, a plaintiff may

discharge this burden by alleging facts that bring a claim "within" the TTCA's waiver of immunity. *Id.* at 867. But being "within" the waiver entails analyzing whether a plaintiff has (1) satisfied the provisions that clearly and affirmatively waive the governmental unit's immunity, and (2) negated the exceptions and exclusions in the TTCA that would bar the plaintiff's waiver of immunity assertion. *Id.* Both criteria must be established to defeat the governmental unit's immunity defense. *Id.*

### III. *Analysis*

#### A. *Notice of the Plaintiff's Claim*

It is a threshold requirement that to pursue a claim against a governmental unit under the TTCA, the plaintiff must provide written notice of the asserted claim to the governmental unit within six months of the injury-causing event. *See* Civ. Prac. & Rem. § 101.101. However, formal, written notice need not be provided if it is determined that the governmental unit had actual notice of the plaintiff's claim within the six-month statutory window. *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995). Actual notice exists only when the governmental unit has knowledge of: (1) the plaintiff's complained-of injury; (2) its alleged fault or responsibility for causing or contributing to the injury; and (3) the identity of the parties involved. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 63–66 (Tex. 2019); *Tex. Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004); *Cathey*, 900 S.W.2d at 341–42. However, the governmental unit's knowledge of an injury, without more, is not enough to satisfy the TTCA's actual notice requirement. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018). Instead, the governmental unit must have subjective awareness of its conduct that allegedly caused the complained-of injury "in the manner ultimately asserted." *Worsdale*, 578 S.W.3d at 65.

Denbow asserts that TDCJ's involvement and assistance in coordinating the post-injury medical treatment he received proves that TDCJ had actual notice of his

claim. Denbow alleged in his original petition that on the incident date his TDCJ supervisors remained with him until EMS arrived to transport him to a hospital. Denbow further alleged that he participated in physical therapy at the TDCJ Beto Unit and that TDCJ was subsequently involved in arranging future medical services to treat his injuries at other medical facilities. Because of this, Denbow claims that TDCJ's involvement in his pre-surgical and post-surgical care indicates that (1) TDCJ was, at a minimum, subjectively aware of its fault or responsibility for causing his injuries, and (2) by providing and arranging for Denbow's medical assistance as described above, TDCJ was assessing its potential fault or responsibility for Denbow's injuries.

Indeed, Denbow's operative pleading alleges that two TDCJ employees—the inmates' "supervisors"—were present when Denbow was injured and thus were aware of the circumstances of his injury. However, knowledge of an injury-causing event, alone, the injuries from which a plaintiff claims resulted from it, and any medical treatment that followed, does not establish a critical element of the actual notice criteria—the governmental unit's knowledge of its alleged fault or responsibility for either causing or contributing to the plaintiff's injuries. Such is the case here. Therefore, because Denbow's operative pleading does not allege sufficient facts to satisfy each of the *Cathey* actual notice requirements, in particular TDCJ's knowledge of its alleged fault or responsibility for causing Denbow's injuries, TDCJ's immunity is not waived. *See Cathey*, 900 S.W.3d at 341–42. However, even if it did, and as we explain below, Denbow has not and cannot plead a viable claim against TDCJ.

B. *TDCJ's Immunity Is Not Waived under Section 101.021(1)(A)*

As relevant here, Section 101.021(1)(A) of the TTCA provides a limited waiver of immunity: the governmental unit's immunity is waived *only* if the complained-of injury was caused either by its, or its *employee's negligent use* or

8

*operation* of motor-driven equipment. CIV. PRAC. & REM. § 101.021(1)(A); *Whitley*, 104 S.W.3d at 543; *Dallas Cnty. Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343–44 (Tex. 1998). The TTCA defines "[e]mployee" in part as "a person, including an officer or agent, who is in the paid service of a governmental unit . . . or a person who performs tasks the details of which the governmental unit does not have the legal right to control." CIV. PRAC. & REM. § 101.001(2). Nevertheless, to invoke Section 101.021(1)(A)'s limited waiver of immunity, the plaintiff must allege and show that a governmental employee was actively engaged in the operation of motor-driven equipment when the injury-causing event occurred. *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015) (citing *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 52 (Tex. 1992)).

Here, Denbow's operative pleading unequivocally alleges that the injury-causing, motor-driven equipment—the lift—was used and operated at all relevant times by another *inmate*, not by any employee or agent of TDCJ. As such, there is no allegation that Denbow's injuries arose from or were caused by a TDCJ employee's use or operation of the lift. Consequently, because there is no nexus or causal relationship alleged by Denbow that connects his injuries to the operation or use of the lift by any TDCJ *employee*, his claims against TDCJ would not fall within or invoke Section 101.021(1)(A)'s limited waiver of immunity.

Despite this, Denbow relies on *Texas Department of Transportation v. Self*, 690 S.W.3d 12 (Tex. 2024) to support his argument that TDCJ's immunity is waived because TDCJ supervisors on site indirectly controlled the operation and use of the lift that caused his injuries. However, Denbow's reliance on *Self* is misplaced. The court in *Self* addressed the degree of control that must exist to constitute a governmental employee's operation or use of motor-driven equipment—whether, for immunity to be waived, a governmental employee must physically operate the

9

motor-driven equipment or if it is sufficient if a governmental employee merely exercised direct control over the person who did. *Self*, 690 S.W.3d at 23–25. The court held that because a contractor, and not a TxDOT employee, used and operated the motor-driven equipment that caused the plaintiff's injuries, TxDOT's immunity was not waived. *Id.* at 24–25. Similar circumstances exist here. Although Denbow alleged that he was generally "instructed to perform construction work" at the jail facility by two TDCJ supervisors, he further alleged that it was a fellow inmate who controlled and operated the lift when he was injured. Moreover, there is no allegation that Denbow's injuries resulted from any direct supervision, instruction, or control by TDCJ supervisors over the inmate-lift operator at the time the third inmate entered the lift basket.

To waive TDCJ's immunity, the allegations in Denbow's operative pleading must go beyond the bare assertion that TDCJ's negligence caused his injuries. After reviewing Denbow's operative pleading, we conclude that it neither explains nor provides sufficient factual content as to how TDCJ's immunity under the TTCA has been, or could be, waived. Therefore, because Denbow has not, and cannot, overcome the presumption of immunity, and because there is an absence of the necessary causal nexus, TDCJ's immunity is not waived. *Rattray*, 662 S.W.3d at 866–67.

### C. *Section 101.029 is Inapplicable*

Next, Denbow contends that his claims are not barred by Section 101.029(d) of the TTCA. Section 101.029(a) provides that TDCJ's immunity may be waived if injuries or damages are caused by an inmate's negligent use or operation of motor-driven equipment. CIV. PRAC. & REM. § 101.029(a). However, the provisions of Section 101.029(a) do *not* apply if an *inmate* sustains personal injuries when motor-driven equipment is used or operated by others. *Id.* § 101.029(d); *see Tavira v. Tex.*

*Dep't of Crim. Just.*, No. 07-14-00046-CV, 2016 WL 736062, at \*3 n.4 (Tex. App.—Amarillo Feb. 24, 2016, pet. denied) (mem. op.).

As has been said, Denbow's operative pleading makes clear that his injuries were sustained during a fellow inmate's use and operation of the lift, and/or presumably by the conduct and actions of another fellow inmate. Therefore, Section 101.029 does not waive TDCJ's immunity.

D. *An Inmate is not a Paid Employee of TDCJ while in Custody*

To constitute a waiver of immunity under Section 101.021(1)(A), the alleged wrongful acts must result from the conduct of a governmental unit's *employee*. *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005). Denbow contends that TDCJ's immunity is waived because the lift operator, another TDCJ inmate, was in the "paid service" of TDCJ under Section 101.001(2) while this inmate operated the lift. However, the Texas courts that have considered this argument—that a TDCJ inmate assigned to a TDCJ work detail can be in the paid service of TDCJ and, thus, be its employee—have rejected it. *Tavira*, 2016 WL 736062, at \*3 (holding that there is no authority that an inmate assigned to a work detail meets Section 101.001(2)'s definition of employee); *see also Nunnelley v. Livingston*, No. 07-11-00371-CV, 2012 WL 1556562, at \*2 (Tex. App.—Amarillo May 3, 2012, no pet.) (per curiam) (mem. op.) (finding no authority to support the argument that inmates are entitled to pay for "work time"); *Tex. Dep't of Crim. Just. v. Lone Star Gas Co.*, 978 S.W.2d 176, 177 (Tex. App.—Texarkana 1998, no pet.) (Section 101.029 was specifically enacted to address the State's liability when inmates operate motor-driven equipment.). We do the same today.

Denbow contends that the work he performed on the jail facility project constitutes a "service" that benefitted TDCJ and that if he received anything of value in exchange for his service he would be in the "paid service" of TDCJ and, thus, its "paid employee." However, there are no facts, and Denbow cites to no authority, to

support his contention, and we decline to follow the interpretation that he espouses here. *See* TEX. R. APP. P. 38.14(i) (Appellant's brief must contain appropriate citations to authorities to support the contentious made.). Because we conclude that the inmate who was using and operating the lift when Denbow was injured was not a "paid employee" of TDCJ, its immunity is not waived.

E. *Denbow's Opportunity to Amend*

Denbow's primary argument on appeal is this: in the event we conclude, as we have, that his operative pleading is deficient, he should be granted the opportunity to (1) amend his pleading to cure the deficiencies and allege sufficient facts that would invoke the trial court's subject-matter jurisdiction over this case, and (2) pursue any necessary discovery to obtain information that would support such an amendment.

Generally, if a plaintiff does not allege sufficient facts to affirmatively establish a trial court's subject-matter jurisdiction to hear and decide a case, but any such pleading defects may be cured by a pleading amendment, then a plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. However, if a plaintiff's pleading affirmatively negates the existence of the trial court's subject-matter jurisdiction, it is appropriate to deny a plaintiff the opportunity to amend. *Id.* Further, in this regard, the trial court, in its discretion, may allow the parties to conduct discovery if doing so is "necessary to illuminate jurisdictional facts." *See Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012).

Here, nearly three years elapsed from the date that Denbow filed his original petition until the date the trial court granted TDCJ's plea. Further, slightly more than seven months elapsed between the filing of TDCJ's plea and the trial court's grant of the plea. Contrary to Denbow's assertion, the trial court did not deny him the opportunity to amend his pleadings to develop his claims; rather, Denbow never

attempted or sought leave to amend his pleadings either before *or* after TDCJ's plea was filed. Thus, he clearly had the opportunity to do so, but instead he chose not to. Similarly, during the pendency of this case in the trial court below, Denbow did not request or otherwise pursue the discovery that he deemed was necessary "to illuminate [the] jurisdictional facts" that he contends would be pertinent to defeating TDCJ's plea.

If a governmental unit asserts in its plea that it is immune from liability and suit, as TDCJ did here, and a plaintiff, such as Denbow, "fails to allege or show facts demonstrating a waiver of immunity after having a reasonable opportunity to conduct discovery [that is] directed to the issue *and* [to] amend [his] pleadings, then the case should be dismissed." *See Tex. Dep't of Crim. Just.-Cmty. Just. Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012) (emphasis added). We conclude that Denbow was not denied these "opportunities" as he suggests. Despite this, Denbow implores that we now grant him the opportunity to pursue what he deliberately ignored and failed to do in the first instance—conduct discovery and amend his pleadings.

Nevertheless, Denbow's lack of diligence does not change the result. Denbow's operative pleading demonstrates that TDCJ is immune from liability and suit. In fact, Denbow has failed to plead, and cannot plead, any facts that would show either a waiver of TDCJ's immunity, or his entitlement to pursue a cognizable claim against TDCJ. As such, we can conceive of no pleading amendment that Denbow could present or any discoverable information that he might obtain if this case continued that would cure his inability to establish the trial court's subject-matter jurisdiction to hear and decide this case. *See Campos*, 384 S.W.3d at 815–16; *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Tavira*, 2016 WL 736062, at *5. Therefore, and based on the circumstances before us,

13

Denbow's pleading deficiencies cannot be cured and providing him the opportunity to amend is not justified.

## IV. *This Court's Ruling*

It was Denbow's burden to plead sufficient facts to affirmatively show that the trial court had subject-matter jurisdiction to hear and decide this case. When we consider controlling precedent and we apply the applicable standard of review to Denbow's operative pleading, as we must, we conclude that Denbow failed to satisfy his burden. Even when we construe Denbow's operative pleading most liberally, as we have, he did not, and cannot, affirmatively show that the trial court possesses, or could possess, subject-matter jurisdiction over this case. Because no waiver of immunity exists or can be pleaded by Denbow, TDCJ is entitled to rely on its defense of governmental immunity.

Because we conclude that the trial court lacks subject-matter jurisdiction to hear and decide this case, the trial court did not err when it granted TDCJ's plea to the jurisdiction. Accordingly, we overrule Denbow's issues on appeal, and we affirm the order of the trial court.


W. STACY TROTTER
JUSTICE


August 29, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

14